**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MANUEL JOSE SANCHEZ, individually and
on behalf of all other persons similarly
situated,

Plaintiff,

-against-

GO NEW YORK TOURS INC. and ASEN
KOSTADINOV, jointly and severally,

Defendants.

**INDEX NO.:  14-cv-4982 (PGG)**

**DEFENDANTS' ANSWER**

Defendants Go New York Tours Inc. and Asen Kostadinov ("Defendants"), by their undersigned counsel, Greenwald Doherty, LLP, state the following as their Answer to the Complaint (the "Complaint") of Plaintiff Manuel Jose Sanchez ("Plaintiff"), individually and on behalf of all other persons similarly situated:

## COMPLAINT AND JURY DEMAND

1.      Paragraph 1 of Plaintiff's Complaint is a statement of Plaintiff's legal claims to which no response is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.      Paragraph 2 of Plaintiff's Complaint is a statement of Plaintiff's legal claims to which no response is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint.

3.      Paragraph 3 of Plaintiff's Complaint is a statement of Plaintiff's legal claims to which no response is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

4.      Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal claims.

5.      Defendants admit that this Court has discretion to exercise supplemental jurisdiction over Plaintiff's state law claims.

6.      Defendants admit that venue is proper in this District.

**PARTIES**

7.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants admit that Defendant Asen Kostadinov is an adult.  Defendants deny the remainder of the allegations in Paragraph 9 of Plaintiff's Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

10.      Paragraph 10 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11.      Paragraph 11 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

## STATEMENT OF FACTS

12.    Defendants admit that Defendant Go New York Tours Inc. is a tour operator doing business as Go New York Tours.  Defendants deny the remaining allegations as stated in Paragraph 12 of Plaintiff's Complaint.

13.    Defendants deny the allegations as stated in Paragraph 13 of Plaintiff's Complaint.

14.    Defendants deny the allegations as stated in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

16.    Paragraph 16 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 16 of Plaintiff's Complaint.

17.    Defendants admit that Plaintiff was employed by Defendant Go New York Tours Inc.  Defendants deny the remaining allegations as stated in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants admit that Defendant Go New York Tours Inc. employed Plaintiff as a bus driver, but deny the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.    Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21.    Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Defendants deny the allegations as stated in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations as stated in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations as stated in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations as stated in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations as stated in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations as stated in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

30.     Defendants reassert and re-aver all prior responses in Paragraphs 1 through 29 of this Answer.

31.     Paragraph 31 contains a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Paragraph 32 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Paragraph 33 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Paragraph 34 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants admit they had annual gross volume of sales in excess of $500,000.00, and Defendants deny all other factual allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Paragraph 35 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Paragraph 36 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Paragraph 37 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Paragraph 38 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Paragraph 39 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Paragraph 40 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 40.

41.     Paragraph 41 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF: MINIMUM WAGE ACT

42.     Defendants reassert and re-aver all prior responses in Paragraphs 1 through 41 of this Answer.

43.     Paragraph 43 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Paragraph 46 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Paragraph 47 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Paragraph 48 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Paragraph 49 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Paragraph 50 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Paragraph 51 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Paragraph 53 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.


### THIRD CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

54.     Defendants reassert and re-aver all prior responses in Paragraphs 1 through 53 of this Answer.

55.     Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Paragraph 59 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT

60.     Defendants reassert and re-aver all prior responses in Paragraphs 1 through 59 of this Answer.

61.     Paragraph 61 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Paragraph 62 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint

63.     Paragraph 63 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Paragraph 64 of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Paragraph 65 of Plaintiff's Complaints states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendants deny any allegations not specifically admitted herein including, but not limited to, those allegations set forth in Plaintiff's Prayer for Relief. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**As And for a First Affirmative Defense**

Plaintiff's Complaint fails to state a claim against Defendants, in whole or part, upon which relief can be granted.

**As And for a Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**As And for a Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and did not violate any rights that may be secured to Plaintiff under any Federal, State or local laws, rules or regulations.

**As And for a Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled, in whole or in part, to the damages sought in his Complaint.

**As And for a Fifth Affirmative Defense**

Defendants at all times acted in good faith toward Plaintiff with a reasonable belief that their actions complied with state and federal laws, and at no time willfully violated any of the

laws pursuant to which Plaintiff brings the instant action, therefore barring any claim for attorneys' fees or liquidated damages under state and federal wage and hour laws.

### As and for a Sixth Affirmative Defense

Plaintiff's claims for compensation, in whole or in part, are for non-working time.

### As And for a Seventh Affirmative Defense

Some or all of the Defendants were not employers pursuant to the state and federal laws upon which the Plaintiff bases his claims, and, thus, cannot be held liable.

### As And for an Eighth Affirmative Defense

The doctrine of laches may bar one or more of the claims herein.

### As And for a Ninth Affirmative Defense

The Plaintiff is not similarly situated to other employees of Defendants rendering a collective action improper under applicable law.


**GREENWALD DOHERTY LLP**


s/
Kevin M. Doherty, Esq. (KD-3492)
KD@GreenwaldLLP.com
Ilan Weiser, Esq. (IW-0808)
IW@GreenwaldLLP.com
30 Ramland Road, Suite 201
Orangeburg, New York 10962
Telephone: (845) 589-9300
Facsimile: (845) 638-2707
Attorneys for Defendants

Dated: September 2, 2014
Orangeburg, New York

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 2, 2014, I served Defendants' Answer on Attorneys for Plaintiff by filing the document with the Clerk of the District Court electronically using the CM/ECF system, which sent notification of such filing to all counsel of record, and by regular mail at the addresses below:

> Justin A. Zeller
> Law Office of Justin A. Zeller, P.C.
> 277 Broadway, Suite 408
> New York, New York 10007
> T. (212) 229-2249
> F. (212) 229-2246

Dated: September 2, 2014
      Orangeburg, New York

s/
Kevin M. Doherty, Esq.
